IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0029 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner R. WAYNE JOHNSON has filed with this Court a petition for a writ of habeas corpus challenging a disciplinary proceeding which took place at the Clements Unit in Potter County, Texas on December 2, 2004. As of the date the instant habeas application was filed, petitioner remained incarcerated at the Clements Unit. In his habeas application, petitioner avers he is confined pursuant to a 1978 conviction for the offense of aggravated rape out of the 70th Judicial District Court of Ector County, Texas, and the resultant ninety-nine (99) year sentence.

Title 28 U.S.C. § 2244(d) establishes a one-year limitation period during which persons who are in custody pursuant to a judgment of a state court may file a federal application for a writ of habeas corpus. The statute of limitations is applicable to a prison disciplinary proceeding and in calculating the statute of limitations for disciplinary proceedings, the date of the disciplinary hearing decision is used as the factual predicate date. *Kimbrell v. Cockrell*, 311 F.3d 361 (5th

Cir. 2002). Any appeal filed pursuant to the grievance procedure tolls the statute of limitations period if grievances are timely filed. *Id.* In the instant case, petitioner did not file any appeal under the prison grievance procedure therefore he is not entitled to any tolling. As such, petitioner's federal petition was due no later than December 2, 2005.[1] Petitioner has declared he placed the instant application in the prison mailing system on February 3, 2006, approximately two (2) months too late.[2] Applying the *Kimbrell* analysis to this petition, petitioner's habeas application is time-barred.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner R. WAYNE JOHNSON be DISMISSED as time barred.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of February 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[1] Even if the Court were to allow plaintiff fifteen (15) days of tolling, the time within which he could have timely filed an appeal of the disciplinary proceeding, this federal petition would still be untimely.

[2] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's *pro se* federal habeas petition is deemed filed when the inmate delivers the papers to prison authorities for mailing).

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).